IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIE DUFFIELD, individually,
as personal representative of estate of
RICKY LEE DUFFIELD, deceased, and
as parent and next friend of KAYLA
DUFFIELD and EMILY DUFFIELD, minors,

    Plaintiff,

vs.                    Case No. CV 05-933 JP/KBM

DAIRY FARMERS OF AMERICA, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

  On June 30, 2006, Plaintiff Julie Duffield filed a Motion for Leave to Amend Complaint and Supporting Memorandum ("Motion") (Docket No. 39). In the Motion, Plaintiff requested leave to amend the Complaint to allege a claim for punitive damages. Plaintiff argues that through discovery, she has come to believe that Defendant Dairy Farmers of America, Inc.'s actions, through its employee Ronnie Lee, were wanton and reckless. Defendant filed an opposition to this Motion on July 14, 2006 (Docket No. 44), arguing that the Motion was untimely and that amendment of the Complaint would be futile and prejudicial to the Defendant. Plaintiff filed a reply in support of the Motion on August 1, 2006 (Docket No. 51).

  A pretrial conference took place on August 31, 2006. Plaintiff was represented by attorneys Felicia C. Weingartner and James F. Cann. Defendant was represented by attorneys Ben M. Allen and Jeffery W. McElroy. The Court heard oral argument from both parties concerning this issue.

Rule 15 of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. " FED. R. CIV. P. 15(a).  A refusal of leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

*Timeliness*

Defendant argues that Plaintiff's Motion is untimely because it complies with neither the January 17, 2006 deadline to amend the pleadings established by the Provisional Discovery Plan (Docket No. 10), nor the May 30, 2006 deadline to file pre-trial motions established by the Initial Pre-Trial Report (Docket No. 14).  Defendant contends that the facts supporting Plaintiff's Motion were known well before the expiration of these deadlines, and that the Motion is consequently untimely.

Plaintiff concedes that she did not comply with the deadlines, but argues that the facts allowing Ronnie Lee's actions to be attributable to Defendant were not known until early June, thus making it impossible for Plaintiff to comply with the established deadlines.  In addition, Plaintiff correctly notes that the pre-trial motion deadline established by the Initial Pre-Trial Report was extended to June 30, 2006 (Docket No. 37).

Based on the representations of Plaintiff's counsel that discovery did not reveal a basis for a punitive damages award until after the January 17, 2006 deadline, and because the Motion

complies with the extended deadline of June 30, 2006, the Court finds the Plaintiff's Motion to be timely.

### *Futility of Amendment*

Defendant contends that the proposed amendment would be futile because (1) Ronnie Lee's actions do not support a claim for punitive damages, and (2) Ronnie Lee's actions are not attributable to Defendant, his employer. Plaintiff responds that the facts could support an award of punitive damages, and that Ronnie Lee's actions are attributable to Defendant because Lee had managerial capacity.

In New Mexico, punitive damages exist to punish and deter wrongful conduct. Therefore, entitlement to punitive damages requires evidence of a culpable mental state and conduct that is willful, wanton, malicious, reckless, oppressive, or fraudulent. *See, e.g., Enriquez v. Cochran*, 126 N.M. 196, 967 P.2d 1136 (Ct. App. 1998). Reckless conduct is "the intentional doing of an act with utter indifference to the consequences." *Alter v. Murphy Enters. Inc.,* 136 N.M. 701, 706, 104 P.3d 1092, 1097 (Ct. App. 2004). Wanton conduct is "the doing of an act with utter indifference to, or conscious disregard for a person's safety." *Id.* The character of the conduct must be viewed in light of the dangers inherent in the activity, and, as the risk increases, negligent conduct is more likely to demonstrate a culpable mental state. *Clay v. Ferrellgas, Inc.*, 118 N.M. 266, 269, 881 P.2d 11, 14 (1994).

As a threshold matter, the Court finds that Plaintiff has presented support for her allegations and has established a reasonable basis for her claim for punitive damages. Whether Ronnie Lee's conduct was wanton and reckless is an issue which must be developed at trial.

The second contention raised by Defendant is whether Defendant, as Ronnie Lee's employer, can be held liable for its employee's alleged reckless or wanton behavior. In New Mexico, a principal may be held vicariously liable for punitive damages when it "has in some way authorized, ratified, or participated in the wanton, oppressive, malicious, fraudulent, or criminal acts of its agent." *Albuquerque Concrete Coring Co. v. Pan Am World Servs., Inc.*, 118 N.M. 140, 143, 879 P.2d 772, 777 (1994). A principal is deemed to have "participated" in the wanton acts of its agent when "the agent was employed in a managerial capacity and was acting in the scope of employment." *Id.*

An agent's "managerial capacity" is not dependent on his or her particular title or position in the corporate hierarchy. *Id.* "'Rather, the critical inquiry is the degree of discretion the employees possess in making decisions that will ultimately determine corporate policy.'" *Id.* at 145 (quoting *Egan v. Mutual of Omaha Ins. Co.*, 620 P.2d 141, 148 (Cal. 1979)). Thus, an agent may be found to have managerial capacity if the agent "'formulates, determines and effectuates his employer's policies . . . with discretion or authority to make ultimate determinations independent of company consideration and approval of whether a policy should be adopted.'" *Id.* (quoting *Abshire v. Stoller*, 601 N.E.2d 1257, 1263 (Ill. App. Ct. 1992). "A key in determining whether an agent acts in a managerial capacity is to look at the nature of what the agent is authorized to do by the principal and whether the individual has discretion regarding both what is done and how it is done." *Id.*

Ronnie Lee's deposition testimony reveals a number of facts which may satisfy the managerial capacity test outlined above, as well as the standard for vicarious liability. Thus, the Court does not find that amendment of the Complaint here would be futile.

## *Undue Prejudice*

Defendant argues that it faces undue prejudice from the potential amendment of the Complaint because it will not have had an opportunity to question Plaintiff's expert Frank Spellman on the subject of the alleged wantonness or recklessness of Ronnie Lee's conduct. Should the Motion be granted, Defendant requests that it be allowed to re-depose Plaintiff's expert.

As the Tenth Circuit has recently stated, "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Gyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

At oral argument, Plaintiff stipulated that she will not elicit any statements from Frank Spellman beyond what is already in his report and deposition. Defendant then stipulated that it would not be prejudiced and there would be no need to re-depose Plaintiff's expert or to engage in further discovery if there was to be no testimony from Frank Spellman on the subject of Ronnie Lee's negligence or recklessness.

Because Plaintiff's proposed amendment arises out of the same subject matter set forth in the Complaint, and because Defendant has not demonstrated that refusal to grant leave to amend would be proper in this case, the Court orally granted the Plaintiff's Motion, subject to the condition that it would not require additional discovery.

In addition, the Court also set deadlines of September 15, 2006 for submission of letters

5

to the Court regarding the need for additional damages experts and September 29, 2006 for motions in limine.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Leave to Amend Complaint (Docket No. 39) is GRANTED.

IT IS FURTHER ORDERED THAT the parties must comply with the following deadlines:

    September 15, 2006 for submission of letters to the Court regarding the need for additional damages experts;

    September 29, 2006 for filing of motions in limine.

_____
SENIOR UNITED STATES DISTRICT JUDGE